**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-7229

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUKEN WASHINGTON GORDON,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:97-cr-00063-1; 2:05-cv-00220)

Submitted: October 31, 2006       Decided: November 7, 2006

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Juken Washington Gordon, Appellant Pro Se. Miller A. Bushong, III, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Juken Washington Gordon seeks to appeal the district court's order adopting the report and recommendation of the magistrate judge, construing Gordon's Fed. R. Civ. P. 52(b) motion as a motion filed pursuant to 28 U.S.C. § 2255 (2000), and then dismissing it for lack of jurisdiction as an unauthorized successive motion. An appeal may not be taken from the final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). When, as here, a district court dismisses a § 2255 motion solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). We have independently reviewed the record and conclude that Gordon has not made the requisite showing. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Finally, in accordance with United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003), we construe Gordon's notice of appeal and informal brief as a motion for authorization under 28 U.S.C. § 2244 (2000), to file a successive habeas corpus motion.

- 2 -

To obtain permission to bring a second or successive § 2255 motion, a movant must show that his claim: (1) "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (2) relies on newly discovered facts that tend to establish the movant's innocence. 28 U.S.C. § 2244. We conclude that Gordon has not satisfied either standard.

Accordingly, we deny Gordon's implicit application for leave to file a successive § 2255 motion, deny his motion for a certificate of appealability, deny his motion for appointment of counsel, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED